IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 25-00139-01-CR-W-SRB |
| ) | |
| OWEN MCINTIRE, ) | |
| ) | |
| Defendant. ) | |

## ORDER

On May 13, 2025, the Grand Jury returned a two-count Indictment charging Defendant McIntire. (Doc. 15) Defendant is on bond in this case.

On June 27, 2025, Defendant McIntire filed a motion for a continuance of the August 11, 2025, trial setting, seeking a setting on the August 10, 2026, trial docket. Defense counsel states that additional time is needed to obtain and review discovery, contemplate and prepare necessary motions, engage experts, and otherwise prepare for trial. Counsel for the Government has a two-week trial anticipated to be set in March of 2026; defense counsel have a five-week trial set in May of 2026. Neither the Government nor Defendant object to a continuance.

In any case in which a plea of not guilty is entered, the defendant's trial shall commence within seventy days from the filing of the information or indictment or the date of the defendant's first appearance, whichever comes last. 18 U.S.C. § 3161(c)(1) (Speedy Trial Act). In computing the seventy-day time period, the periods of delay set forth in 18 U.S.C. § 3161(h) are to be excluded. Any period of delay resulting from a continuance granted at the request of a defendant is excludable if the Court finds the ends of justice served by the taking of such action outweigh the

best interests of the public and the defendant in a speedy trial, provided the Court sets forth the reasons for such finding. *See* 18 U.S.C. § 3161(h)(7)(A).

Given the issues outlined above, the Court finds that it would be unreasonable to expect defense counsel to prepare this case adequately for trial prior to August 10, 2026, and that failure to grant a continuance would deny defense counsel the reasonable time necessary for effective preparation, and thus, would deny the defendant a right to effective assistance of counsel. The Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial. Accordingly, it is

ORDERED that Defendant McIntire's motion for continuance is granted. (Doc. 28) This case is removed from the Joint Criminal Trial Docket which commences on August 11, 2025, and is set for trial on the Joint Criminal Jury Trial Docket which commences on August 10, 2026. It is further

ORDERED that a pretrial conference is set for July 22, 2026. The time of the conference will be provided later. It is further

ORDERED the time between the date of this Order and August 21, 2026, the last day of the August 10, 2026, Joint Criminal Jury Trial Docket, shall be excluded in computing the time within which this trial must commence pursuant to 18 U.S.C. § 3161(h).

/s/ *Jill A. Morris*
JILL A. MORRIS
UNITED STATES MAGISTRATE JUDGE
