IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>v.<br><br>OWEN McINTIRE,<br><br>                   Defendant. | Case No. 25-00139-01-CR-W-RK |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO MODIFY
CONDITIONS OF RELEASE**

The United States of America opposes, in part, Defendant Owen McIntire's Motion to Modify Conditions of Release filed on June 27, 2025. (Doc. 29.) The parties have agreed that the Defendant's parents will enter into a non-secured $50,000 bond (*i.e.*, a promise to pay $50,000 if Mr. McIntire absconds or violates his conditions in a manner that results in his revocation). In exchange for this modification to the terms of release, the Government does not oppose Defendant's request to move to New York and to be monitored there by the Western District of New York as the Pretrial Services and Probation Office is amenable to this amended condition of bond supervision. The parties further agree that the defendant will agree to abide by additional conditions construed by his supervising officer and the Court, including staying 300 yards away from any Tesla dealership, and seeking permission to travel outside of the Western District of New York except for Court appearances in the Western District of Missouri. The defendant further requests that his condition of home monitoring with location monitoring be removed. The United States opposes this request and believes that the nature of the offense coupled with the risk of flight are sufficient for the Court to maintain these conditions that were set by the Honorable Magistrate Judge Jessica D. Hedges in the District of Massachusetts on April 24, 2025, and later adopted by this Court on May 1, 2025. *See* Doc. 12, *United States v. McIntire*, No. 25-MJ-03081-JDH (D. Mass. April 24, 2025); (Doc. 23). For

the reasons explained in this Response, the defendant's motion should be granted, in part, and denied, in part.

## I. Background

On April 17, 2025, a Complaint charging Owen McIntire ("McIntire" or "Defendant") with a violation of malicious destruction of property, in violation of 18 U.S.C. § 844(i), and unlawful possession of an unregistered firearm (specifically a destructive device), in violation of 26 U.S.C. §§ 5845(a)(8) and (f), 5861(d), and 5871, was filed in the Western District of Missouri. *See* (Doc. 1.) On April 18, 2025, law enforcement authorities executed an arrest warrant on McIntire at his dormitory residence in Boston, Massachusetts. Later, on April 18, 2025, the Defendant had his initial appearance before the Honorable Magistrate Judge Jessica D. Hedges in the District of Massachusetts. *See* Case No. 25-MJ-03081-JDH-1.

At the initial appearance, the Government orally moved for the Defendant's detention. A detention hearing was appropriate under 18 U.S.C. § 3142(f)(1)(A) and (E) because the malicious destruction of property offense charged at Count One is "an offense listed in section 2332b(g)(5)(B)" with a maximum term exceeding 10 years, and also because the offenses involved the use of a destructive device. Based on the charged malicious destruction of property offense, 18 U.S.C. § 844(i), there is a rebuttable presumption of detention, *See* 18 U.S.C. § 3142(e)(3)(C); 18 U.S.C. § 2332b(g)(5)(B).

On April 23, 2025, the Defendant filed an *Opposition to the Government's Motion for detention and Notice of Proposed Release Plan* ("*Opposition*"). (ECF D. Mass. Doc. 10.)[1] On April 24, 2025, the Defendant waived his identity hearing and preliminary hearing. (ECF D. Mass.Doc. 11, 13.) Judge Hedges also conducted a detention hearing. *Id*.

Judge Hedges issued an order setting conditions of release that included an order directing the Defendant to appear before this Court on Thursday, May 1, 2025. The conditions of bond set by Judge Hedges included conditions of home monitoring with location monitoring. On May 1, 2025, this Court adopted those same conditions. (Doc. 12.) On May 1, 2025, the Government filed a Motion or Review and Revocation of Order of Release and on May 14, 2025, the defendant filed his Suggestions in Opposition to the Government's motion. (Docs. 13 and 17). On May 29, 2025, The Court denied the Government's motion. (Doc. 26.)

## II. Argument

In considering whether conditions of home monitoring with location monitoring should be maintained, it is important to note that the charged offense of malicious destruction of property by fire is a crime of violence. In fact, there was a "rebuttable presumption" that no condition or combination of conditions will assure the safety of the community because the defendant is charged with 18 U.S.C. § 844(i) "an offense listed in section 2332b(g)(5)(B) of Title 18, United States Code, for which a maximum term of imprisonment of 10 years or more is prescribed." 18 U.S.C. §§ 3142(e)(3), (f)(1)(A); 18 U.S.C. § 844(i); *see also* 18 U.S.C. § 2332b(g)(5)(B)(i) (listing "844(i) (relating to arson and bombing of property used in interstate commerce)"). It is further noteworthy that the weight of the evidence against the defendant is compelling. (Doc. 1, Attachment 1, Affidavit.) Although the Court was unpersuaded that there was sufficient evidence to establish by

---

[1] All references to "ECF D. Mass. Doc." in this pleading refer to docket entries in Case No. 25-mj-03081-JDH-1 in the District of Massachusetts.

clear and convincing evidence that the defendant poses a substantial risk to the safety of the community, these factors do weigh heavily in continuing the stringent conditions of release that the Court adopted on May 1, 2025.  There is still a victim in this case that was allegedly targeted by the defendant based on defendant's political motives.  Moreover, the defendant allegedly destroyed property valued in excess of $200,000 by using an inherently dangerous explosive device that put first responders in danger of serious bodily injury or death not only as a result of the battery fire they attempted to extinguish, but also by being exposed to the noxious fumes that emitted from the battery fire.  Continued home restrictions and local monitoring recognizes the serious nature of the charged offenses as well as provides some safeguards to the victim that the defendant has maliciously targeted.

     Admittedly, the evidence of risk of flight is not as compelling as the evidence that tends to show the defendant poses a danger to the community.  The proposed amended conditions of supervision, however, bolster the factors that demonstrate a risk of flight.  The defendant will be moving to Rochester, New York, which obviously is much closer to our international border with Canada.  The defendant is facing a substantial term of imprisonment that includes a mandatory minimum sentence of five years of imprisonment.  As he will be near our border with Canada, the risk of flight is greater than if he were to remain in the Western District of Missouri.  Continued home

4

restrictions and local monitoring guard against the risk of flight that will be heightened if the Court allows the defendant to be monitored in the Western District of New York.

        Respectfully submitted,

        Jeffrey P. Ray
        Acting United States Attorney

By  /s/William A. Alford III

        William A. Alford III
        Assistant United States Attorney
        Charles Evans Whittaker Courthouse
        400 East Ninth Street, Suite 5510
        Kansas City, Missouri 64106
        Telephone: (816) 426-3122

**CERTIFICATE OF SERVICE**

     The undersigned hereby certifies that a copy of the foregoing was delivered on July 3, 2025, to the Electronic Filing System (CM/ECF) of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

        /s/William A. Alford III
        William A. Alford III
        Assistant United States Attorney