**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-00139-01-CR-W-SRB |
| | ) | |
| OWEN MCINTIRE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

On May 13, 2025, the Grand Jury returned a two-count Indictment against Defendant McIntire. (Doc. 15) Defendant is on bond pending trial.

On October 27, 2026, Defendant McIntire filed a motion for a continuance of the November 30, 2026, trial setting, seeking a setting on the March 15, 2027, trial docket. Defense counsel states that the parties have engaged in substantial discussions regarding a potential resolution of this matter and believe that a negotiated disposition is likely. Additional time is needed to complete such resolution. Neither the Government nor Defendant object to this continuance request.[1]

In any case in which a plea of not guilty is entered, the defendant's trial shall commence within seventy days from the filing of the information or indictment or the date of the defendant's first appearance, whichever comes last. 18 U.S.C. § 3161(c)(1) (Speedy Trial Act). In computing the seventy-day time period, the periods of delay set forth in 18 U.S.C. § 3161(h) are to be excluded. Any period of delay resulting from a continuance granted at the request of a defendant is excludable if the Court finds the ends of justice served by the taking of such action outweigh the

[1]Defendant's position was provided by email dated October 27, 2026.

best interests of the public and the defendant in a speedy trial, provided the Court sets forth the reasons for such finding. *See* 18 U.S.C. § 3161(h)(7)(A).

Given the issues outlined above, the Court finds that it would be unreasonable to expect defense counsel to prepare this case adequately for trial prior to March 15, 2027, and that failure to grant a continuance would deny defense counsel the reasonable time necessary for effective preparation, and thus, would deny the defendant a right to effective assistance of counsel. The Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial. Accordingly, it is

ORDERED that Defendant McIntire's motion for continuance is granted. (Doc. 42) This case is removed from the Joint Criminal Trial Docket which commences on November 30, 2026, and is set for trial on the Joint Criminal Jury Trial Docket which commences on March 15, 2027. It is further

ORDERED that a pretrial conference is set for February 10, 2027. The time of the conference will be provided later. It is further

ORDERED the time between the date of this Order and March 26, 2027, the last day of the March 15, 2027, Joint Criminal Jury Trial Docket, shall be excluded in computing the time within which this trial must commence pursuant to 18 U.S.C. § 3161(h).

/s/ *Jill A. Morris*
JILL A. MORRIS
UNITED STATES MAGISTRATE JUDGE